UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ESTEBAN VIOLANTE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-335 |
| | § | |
| ALLSTATE TEXAS LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

The Court now considers the opposed motion[1] to vacate and reinstate filed by Esteban and Margarita Violante ("Plaintiffs") and the response[2] filed by Allstate Texas Lloyds ("Defendant").[3] After duly considering the record and relevant authorities, the Court **GRANTS** Plaintiffs' motion.

### **I.    Background**

This is an insurance case arising from Defendant's denial of Plaintiffs' claim under their home insurance policy following damage sustained from a hailstorm in Hidalgo County, Texas.[4] On April 20, 2018, the Court abated the case at the parties' request following Plaintiffs' invocation of the appraisal process.[5] The Court ordered the parties to file a status report or stipulation of dismissal within ten days after completing appraisal.[6] The parties filed an agreed stipulation of dismissal on October 19, 2018, whereby Plaintiffs voluntarily dismissed with

---

[1] Dkt. No. 29.
[2] Dkt. No. 30.
[3] Defendant Thomas Fitzgerald was dismissed by the Court on November 17, 2017. *See* Dkt. No. 19.
[4] Dkt. No. 1-2.
[5] Dkt. No. 25.
[6] *Id.* at p. 2.

prejudice all claims, and the case was closed accordingly.[7] The stipulation of dismissal provided no information regarding the appraisal.

On November 15, 2018, Plaintiffs filed the instant motion, requesting relief under Federal Rule of Civil Procedure ("Rule") 60(b) and specifically citing Rule 60(b)(1) and 60(b)(6).[8] Plaintiffs assert the parties' appraisers "mistakenly inspected a property at 3101 Huisache and submitted an appraisal award based on their inspection for 3104 Huisache."[9] According to Plaintiffs, the appraisal award was submitted on June 15, 2018.[10] Defendant is opposed[11] and contends "Plaintiffs' appraiser was aware of the mistake at least one month prior to Plaintiffs' voluntary dismissal with prejudice."[12] Thus, Defendant argues Plaintiffs are not entitled to relief under Federal Rule of Civil Procedure ("Rule") 60(b)(1) or Rule 60(b)(6).[13] The Court turns to its analysis.

## II. Relief Under Rule 60(b)(1)

Plaintiffs request the Court to vacate and reinstate the case "under Rule 60(b) due to the mistake of fact referenced in Exhibit A," the attached affidavit of their appraiser, Doug Provazek ("Mr. Provazek"). Thus, Plaintiffs implicitly request relief under Rule 60(b)(1).[14] Defendant maintains "Plaintiffs [sic] failure to conduct due diligence with regards [sic] the initial agreed appraisal award is not sufficient to establish mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1)."[15] The Court finds Plaintiffs are entitled to relief under Rule 60(b)(1).

---

[7] Dkt. No. 27.
[8] Dkt. No. 29.
[9] *Id.* at pp. 1–2, ¶ 4.
[10] *Id.* at p. 1, ¶ 3.
[11] Dkt. No. 29 p. 3.
[12] Dkt. No. 30 p. 3, ¶ 9.
[13] *Id.*
[14] *See* Fed. R. Civ. P. 60(b)(1).
[15] Dkt. No. 30 p. 4, ¶ 13.

Rule 60(b)(1) provides a party relief of a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect."[16] A motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."[17] The Court may consider acts surrounding a voluntary dismissal to the extent the parties agreed upon such dismissal or used such dismissal as strategy to pursue a new action.[18] Whether "to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court . . . ."[19] "A court abuses its discretion "if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."[20] Moreover, a court may deny a Rule 60(b)(1) motion "due to the 'careless mistake of counsel.'"[21] Finally, "[a] party remains under a duty to take legal steps to protect his own interests."[22]

First, Plaintiffs' request is timely under Rule 60(b)(1). Second, it is Plaintiffs' burden to show such relief under Rule 60(b)(1) is warranted. In turn, Plaintiffs proffer Mr. Provazek's affidavit, which provides a synopsis of the appraisers' mistake. Mr. Provazek states he and Defendant's appraiser, Alan Berryhill ("Mr. Berryhill"), signed and submitted an appraisal award for 3104 Huisache, but "after comparing photos and paperwork [] [they] noticed the address did not match the respective loss reports for 3104 Huisache produced by the parties for [Mr.

---

[16] Fed. R. Civ. P. 60(b)(1). The Fifth Circuit has noted "at least three circuits have found that voluntary dismissal with prejudice are final proceedings for purposes of Rule 60(b)." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362–63, n.16 (5th Cir. 2013) (citations omitted).
[17] Fed. R. Civ. P. 60(c)(1).
[18] *Yesh Music*, 727 F.3d at 363–64.
[19] *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 436 (5th Cir. 2018) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)); *see also Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 373-74 (5th Cir. 2013) (per curiam) (unpublished).
[20] *Brittingham*, 543 F. App'x at 374 (quoting *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir.1993)).
[21] *Rayford*, 740 F. App'x at 436 (citing *Brittingham*, 543 F. App'x at 374).
[22] *Edward H. Bohlin Co., Inc.*, 6 F.3d at 357; *see Yesh Music*, 727 F.3d at 364–66 (Grady Jolly, E., dissenting).

Provazek's] records."[23] In sum, "[Mr. Provazek and Mr. Berryhill] had mistakenly inspected a property at 3101 Huisache and submitted an appraisal award based on [their] inspection for 3104 Huisache."[24] Mr. Provazek continues to explain he re-inspected the property on September 19, 2018, "and [Mr. Berryhill] went to re-inspect[] somewhere between October 29th and November 2nd."[25] According to Mr. Provazek, the two appraisers conferred but failed to reach an agreement, thus agreeing to the use of an umpire.[26] Mr. Provazek then states he contacted Plaintiffs' counsel on November 5, 2018.[27] Thus, according to Plaintiffs and Mr. Provazek, Mr. Provazek did not inform Plaintiffs of the mistake until after Plaintiffs filed the stipulation of dismissal on October 19, 2018.

Here, the Court concludes Plaintiffs proceeded with their stipulation of dismissal based on mistaken information. Plaintiffs' Rule 60(b)(1) request does not come after a "careless mistake of counsel." Rather, Plaintiffs reasonably depended on the parties' appraisers and relied on the appraisal award when filing the stipulation of dismissal. Moreover, unlike *Yesh Music*, Plaintiffs did not seek a new action after filing the stipulation of dismissal. The record does not indicate any intent by Plaintiffs to abuse the legal system or to employ tactics to seek a new action. As such, the Court finds Plaintiffs' actions involve mistake and excusable neglect. Thus, the Court grants Plaintiffs' request for relief under Rule 60(b)(1).

### III. Relief Under Rule 60(b)(6)

Plaintiffs implicitly request relief under Rule 60(b)(6) in its citations and explicitly request the Court grant them relief "under Rule 60(b) . . . for any additional relief to which

---

[23] Dkt. No. 29-1 p. 1, ¶ 3.
[24] *Id.*
[25] *Id.* ¶ 4.
[26] *Id.*
[27] *Id.*

Plaintiffs are entitled."[28] Defendant argues "Plaintiffs [cannot] show such circumstances entitle them to relief under Rule 60(b)(6) because there is no "manifest injustice" sufficient to establish same."[29] The Court finds Plaintiffs are not entitled to relief under Rule 60(b)(6).

Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive. Rule 60(b)(6) is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions."[30] If Rule 60(b)(1), or (b)(2)–(5), do not apply, Rule 60(b)(6) provides a party relief of a final judgment, order, or proceeding "for any other reason that justifies relief."[31] A motion under Rule 60(b)(6) must be made within a reasonable time.[32] "Rule 60(b)(6) requires a showing of 'manifest injustice'" and purposes not to "reliev[e] a party from free, calculated, and deliberate choices he has made.'"[33] Only when "extraordinary circumstances are present" should courts grant Rule 60(b)(6) motions.[34]

Plaintiffs cannot be entitled to relief under Rule 60(b)(6) because the Court has already determined Plaintiffs are entitled to relief under Rule 60(b)(1). Thus, the Court denies Plaintiffs relief under Rule 60(b)(6).

**IV.    Conclusion**

For these reasons, the Court finds Plaintiffs satisfy the Rule 60(b)(1) requirements.[35] As such, the Court **GRANTS** Plaintiffs' motion[36] to vacate and reinstate. The Court **ORDERS** the parties to apprise the Court **by Friday, February 1, 2019,** of whether the appraisal process will be reinstated.

---

[28] Dkt. No. 29 p. 3, ¶ 7.
[29] Dkt. No. 30 p. 4, ¶ 13.
[30] *Rayford*, 740 F. App'x at 437 (quoting *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)).
[31] Fed. R. Civ. P. 60(b)(6).
[32] Fed. R. Civ. P. 60(c)(1).
[33] *Yesh Music*, 727 F.3d at 363; *Edward H. Bohlin Co., Inc.*, 6 F.3d at 357.
[34] *Rayford*, 740 F. App'x at 437 (quoting *Hess*, 281 F.3d at 216).
[35] *See* Fed. R. Civ. P. 60(b)(1), (6); 60(c)(1).
[36] Dkt. No. 29.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 19th day of December, 2018.

                                                                Micaela Alvarez
                                                                 United States District Judge